Present: BEEKMAN, P. J., GILDERSLEEVE and GIEGERICH, JJ.

Judgment reversed and new trial ordered, with costs to appellant to abide event.

---

MINA HARRIS, Appellant, *v.* LOUISIANA BROWN, Respondent.

APPEAL from an order of the General Term of the City Court, affirming a judgment rendered in favor of the defendant upon the report of a referee.

Samuel F. Hyman, for appellant.

Charles Bradshaw, for respondent.

*Per Curiam.* It was clearly error for the referee to allow, as part of the defendant's counterclaim, the cost of putting a new roof

on the demised premises.   It was not within the issues, and objection on that ground was made at the trial.   The counterclaim with respect to repairs rests exclusively on the covenant to repair contained in the lease.   The evidence was not sufficient to justify a claim that a new roof was necessary by reason of the dilapidation of the old one, nor did the referee award the sum allowed upon any such theory but upon proof of a collateral agreement between the parties entirely outside of the lease itself.   He expressly finds the plaintiff's fourth proposed finding, which reads:   "That the charge of $223.30, and interest for a new roof is not chargeable against the plaintiff under the covenant to repair contained in the lease between the parties hereto;" and in the body of his report he specifically states that this item is recoverable on the special agreement above referred to.   As no such agreement has been pleaded, no recovery thereon can be had in this action.

In addition to this, errors were omitted in the course of the trial in the admission of evidence.   Proof was given of the amount paid out by the defendant for repairs without any evidence being given as to the reasonableness of the amounts so paid.   It may also well be questioned whether in some instances there was sufficient proof of the existence of a neglect to repair commensurate with the work done for which the defendant claims reimbursement.

Without adverting to other grounds on which a reversal is claimed, enough appears to call for a new trial, which, under section 1011 of the Code of Civil Procedure, must apparently be had before another referee to be appointed by the court below.   It is to be hoped that upon a new trial greater care will be observed by counsel in making their proofs and in observing the rules of evidence.

Judgment reversed and new trial ordered, with costs to the appellant to abide the event.

Present:   BEEKMAN, P. J., GILDERSLEEVE and GIEGERICH, JJ.

Judgment reversed and new trial ordered, with costs to appellant to abide event.